BOLIN, Judge.
Plaintiffs allege Mrs. Petrus was injured while a social guest in the home of A. H. Alford. Asserting Alford’s negligence caused her injuries, Mrs. Petrus and her husband sued Alford and his homeowners liability insurer. Defendants denied negligence and alternatively pled contributory negligence.
For reasons assigned in a written opinion, the lower court rejected plaintiffs’ demands and they appeal. We affirm the judgment below.
Mrs. Petrus alleged Alford had left some pieces of cardboard on the driveway of his premises and that she fell over this cardboard as she was leaving the Alford residence about 9:30 p. m. In his written reasons the district judge found:
“There is much testimony about the location of the cardboard which Mr. Alford had left in the driveway, but it is the opinion of the court that it is not necessary to consider whether Mr. Alford was'negligent in leaving this cardboard where it was. It is not necessary because Mrs. Petrus very frankly states that she does not know what caused her to fall, and there is no proof that she fell because of the cardboard. She said that as she came out of the defendant’s patio door in the back, she turned right and walked along the grass headed toward the street. It was dark and she fell forward on the cardboard. On cross examination, she stated that she did not know whether she tripped, slipped or what, but she did not testify that she tripped over the cardboard. She fell forward onto the cardboard.”
The trial judge further found Mrs. Petrus saw or should have seen the cardboard when she entered the house. He also stated the evidence strongly supported the conclusion Mrs. Petrus had consumed a quantity of beer, causing her to be unsteady on her feet as she left the Alford home, and this constituted contributory negligence sufficient to bar her recovery.
Appellants assign the following as errors:
“1. Trial court erred in finding that there was no proof adduced that the plaintiff, Mrs. Petrus, fell over the cardboard left by the defendant Alford by his driveway.
“2. The trial court erred in admitting evidence of the alleged intoxication of Mrs. Petrus.
“3. The trial court erred in finding that the defendants had borne their burden of proof that Mrs. Petrus had consumed a quantity of beer which affected her to the extent that she was unsteady on her feet as she left and that this amounts to negligence on her part sufficient to bar recovery in this case.”
We find the evidence supports a finding plaintiffs failed to prove by a preponderance of evidence any fault of Alford caused damage to plaintiff or, more specifically, that Mrs. Petrus fell over cardboard left by Alford in the driveway of his premises.
Having decided the question of fault adversely to plaintiffs, it is unnecessary for us to pass on the alternative defense of contributory negligence.
Judgment is affirmed at appellants’ cost.